## Richmond

## UNIVERSITY OF RICHMOND V. COUNTY OF GOOCHLAND

March 3, 1978.

Record No. 761545.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*William H. King, Jr.* (*Elizabeth M. Allen; McGuire, Woods & Battle,* on briefs), for plaintiff in error.

*Paul H. Miller, III,* for defendant in error.

Per Curiam.

University of Richmond (University) instituted this action under Code § 58-1145 against the County of Goochland (County) to correct the erroneous assessments of real estate taxes by the County for the years 1972 [1], 1973, 1974 and 1975 on a 104.34 acre

---

[1] Because of the limitation then imposed by Code § 58-1145, the University, at trial, abandoned its claim for relief from taxes assessed and paid for the year 1972.

tract of land in Goochland County owned by the University and to obtain a refund of taxes paid pursuant to such erroneous assessments. The trial court, after a full *ore tenus* hearing, found that the property in question was exempt from taxation because it was primarily used during the years 1973, 1974, and 1975 by the University, an incorporated institution for learning not conducted for profit, for scientific and educational purposes or purposes incidental thereto. Constitution of Virginia Art. X, § 6(a)(4); Code § 58-12(4). Holding the assessments to be erroneous and invalid, the court ordered a refund of the taxes paid for these years by the University, but refused to grant it relief against future assessment of taxes on the property.

Finding the trial court's ruling that the property was exempt from taxation to be without reversible error, we refused the County's petition for a writ of error on that question. However, we did grant the University's petition claiming that the trial court erred in refusing the University's request for relief against future assessment so long as the land continued to be primarily used by the University for scientific or educational purposes or purposes incidental thereto.

The University argues that the trial court should have enjoined the County from assessing and collecting future real estate taxes so long as the exempted ownership and use of the property continues. We do not believe, however, that the circumstances warranted the extraordinary remedy of injunctive relief.

But the County had indicated to the trial court that it expected, unless otherwise ordered, to continue to assess the land for taxation and thus require the University to file successive § 58-1145 actions to establish its continued right to the exemption. To prevent such an unnecessary procedure, the trial court should have incorporated in its final order a directive that the assessing officer strike the assessment from the Land Book of taxable real estate and include it in the inventory and assessment of tax-exempt real property maintained under the mandate of Code § 58-14.1.

Therefore, the final order of the trial court will be modified to include the directive mentioned in the next preceding paragraph and, as modified, will be affirmed.

*Order modified and affirmed.*